W. M. KEYS et al., Appellants, v. AMERICAN BRICK & TILE COMPANY, Appellee.

APPEAL AND ERROR: Absence of Exceptions. A judgment of the district court, on an award of the Industrial Commissioner under the Workmen's Compensation Act may not be reviewed on appeal when the record reveals no exceptions to such judgment.

*Appeal from Cerro Gordo District Court.*—F. M. EDWARDS, Judge.

JANUARY 14, 1919.

THE compensation statute committee on arbitration made the plaintiffs an award, on the ground that their son had met his death through injury in the course of employment by defendant. The industrial commissioner, sitting in review, modified this award. The parents claim that they duly removed this finding to the district court. At any rate, that court did review the finding of said commissioner, and, as we gather it, seems to have affirmed his finding. But the parents have perfected an appeal from that action of the district court.—*Affirmed.*

*Garfield E. Breese,* for appellants.

*Blythe, Markley, Rule & Smith,* and *Miller & Wallingford,* for appellee.

SALINGER, J.—I. These plaintiffs obtained an award by the arbitration committee. The defendants caused this award to be reviewed by the industrial commissioner, and he modified the award, in some particulars. The plaintiffs filed in the district court an application which asserted that the award of the committee and said decision of the industrial commissioner had been duly rendered, and thereupon asked the court to render a decree in accordance with said decision of the industrial commissioner, "as provided by law, and particularly Section 2477-m33 of the Supplement to the Code, 1913." The court applied to entered a decision which, as we understand it, was substantially the finding of the industrial commissioner. The plaintiffs asked the court to render a decree in accordance with said finding. From the action of the court which they had requested, plaintiffs now appeal. Ordinarily, no one would contend that he could maintain an appeal from any judgment he had asked a court to enter. It is not clear that this is so, but we take it to be the thought of appellants that the judgment of the court upon the finding of the commissioner was, while a necessary form, still merely a form; that appellants could not have the finding of the commissioner reviewed until the district court entered judgment thereon; that, therefore, they were bound to request such judgment; and that, as it is a prerequisite to reviewing the finding of the commissioner in this court that the district court should enter judgment upon such finding, it cannot be that taking of the steps which alone made appeal possible can have the effect of destroying the appeal. But we cannot consider whether this position, if it be that of the appellant, be well taken, nor many other questions presented by the parties.

We do not need to determine whether the situation at bar might not have been avoided by applying to the court, not to enter judgment upon the finding of the commissioner, but to give such judgment as the finding of the industrial commissioner should, as matter of law, have been. There seem to be at least two insuperable obstacles to giving the appellants any relief. First, under the abstract of the appellee, which has not been met by certification, it would seem that the record was not lodged in the district court in such manner as, under the statute, to give that court the power to proceed as prayed; second, we are of opinion that, though the application prayed for decree, that the judgment of the court upon the application was not the entry of a chancery decree, reviewable here *de novo* as such. That being so, nothing in the statute differentiates this judgment from judgments as to which an exception is required, in order that appellate review may be had. Be the function of the district court what it may, in entering judgment upon the finding of the commissioner or the award of the committee, it may not be complained of after it is entered by one who made no objection to it below after it was entered. It follows appellants may have no relief here if they took no exception below to the judgment which formulated and made effective that of which they now complain. It appears by the abstract for appellee, which, as said, has not been met by certification, that neither party took any exception, and that no exception was entered. Appellee makes this point, and we find nothing in the argument for appellant that meets it.

In our opinion, the action of the district court must be, and the same is,—*Affirmed.*

LADD, C. J., EVANS, PRESTON, and STEVENS, JJ., concur.